UNITED STATES DISTRICT COURT
SOUTEERN DISTRICT OF INDIANA
NDIANAPOLIS DIVISION

DAVID M. MULLINS,

      Plaintiff,

Case No. 1:20-cv-02900-JPH-TAB

MIKENMLER, et al.,

      Defendants.

## CASE MANAGENfENT PLAN

I. Parties and Representatives

    A.    Plaintiff:    David M. Mullins, Pro Se

          Defendants:  David Fleischhacker, Heather Whitaker, Mike Miller, David Nauth, Howard Wickersham

    B.    Attorney for Defendants:

          Alexander R. Carlisle, Atty. No. 34533-49
          Deputy Attorney General
          Office of the Attorney General
          Indiana Government Center South, Fifth Floor
          302 West Washington Street
          Indianapolis, Indiana 46204
          (3 17) 234-6667

          phone (317) 232-797
          alexander.carlisle@atg.in.gov

    Counsel shall promptly file a notice with the Clerk if there is any change in this information.

11.    Jurisdiction and Statement of Claims

    A.    The parties shall state the basis for subject matter jurisdiction. If there is disagreement, each party shall state its position.

          The Court has subject matter jurisdiction arising under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12112 through 12117.

B.  Plaintiffs Statement:

Even though plantiff never made a formal request for accommodations at the time of his hiring ( an action not taken for fear of not being selected for the job), it was a well IQ'10wn fact that the plantiff did in fact have a movement limiting disability and was taking prescribed pain medication to help control the pain and swelling that plaintiff would experience. Plaintiff could perform his assigned duties since most of those duties could be done in the seated position and reasonable accommodations were not needed by the defendant, but at times the pain would need to be reduced by taking medication. Defendant Miller had a strong desire to remove plaintiff but knew the disability would cause a problem ( as can be confirmed from email sent from defindant Whitaker to defendant Miller) so he communicated via e-mail to the other defendants and both received information and relayed information on the "progress" of my removal. Defendant Miller used false pretense and reasons in the unjustified and discriminatory action he and the other defendants undertook to remove me. Despite me doing a good job and the fact that the production numbers increased substantially for defendant Wickersham during my employment ( Wickersham's numbers increased because I could assist but NOT calibrate legally) I was unjustly removed simply because of a handicapping condition and nothing else

C.  Defendants' Statement:

Mr. Mullins has not stated a cognizable claim under the ADA. Plaintiff was terminated in the wake of disciplinary taken against him, and after it was determined that his skills had not appropriately progressed for his position. Plaintiff never sought reasonable accommodations which would allow him to perform his duties in spite of his disability. Plaintiff does not claim that he ever informed Defendants of his disability, but claims instead that it was well known because he parked in a handicapped parking spot. Plaintiff does not explain the nature of his disability nor does he explain how, or even if, his disability was impacted by the nature of his work. Plaintiff claims that he took pain meds and had difficulty walking, but does not explain whether his position required a great deal of walking. Mr. Mullins fails to establish the nature of his disability, fails to link his disability to his termination in any way, admits that he never sought reasonable accommodations, fails to show other similarly-situated, non-disabled employees were treated more favorably, and admits that he was given a nondiscriminatory reason for his termination. His ADA claim is meritless.

Ill.  Pretrial Pleadings and Disclosures

A.  The parties shall serve their Fed. R. Civ P. 26 initial disclosures on or before April 23, 2021.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before April 30, 2021.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before May 7, 2021.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before May 21, 2021.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before April 30, 2021. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P.      on or before July 31, 2021. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before August 28, 2021; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before August 28, 2021.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CIVIP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before February 1, 2022. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

1. All parties shall file and serve their final witness and exhibit lists on or before January 14, 2022. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

       J.       Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

       K.      <u>Discovery of electronically stored information ("Esr')</u> The parties do not anticipate a large volume of ESI in this case.

IV.    <u>Discovery and Dispositive Motions</u>

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CNN as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CN'fP or, if necessary, after receiving additional input at an initial pretrial conference.

       A.      Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

       Plaintiff:

       Defendants: Defendants have filed a motion to dismiss, (ECF No. 18), which is pending before the Court. If the motion to dismiss is denied, then Defendants anticipate filing a motion for summary judgment. The basis for the summary judgment motion will likely be the same basis as the motion to dismiss. However, Defendants anticipate that after discovery is had, Defendants will be able to prove that Mr. Mullins cannot produce evidence to support his claims.

       B.      On or before November 5, 2021, and consistent with the certification provisions of Fed. R. Civ. P. 1 1 (b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

---

1 The term "completed," as used in Section TV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed

belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

    c.    Select the track that best suits this case:

Track 2: Dispositive motions are expected and shall be filed by December 17, 2021; non-expert witness discovery and discovery relating to liability issues shall be completed October 1, 2021; expert witness discovery and discovery relating to damages shall be completed November 19, 2021.

<u>Absent leave of Court. and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V.    <u>Pre-Trial/Settlement Conferences</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in August 2021.

VI.    <u>Trial Date</u>

The parties request a trial date in August 2022. The trial is by jury and is anticipated to take 2 days.

VII.    <u>Referral to Magistrate Judge</u>

    A.    Case. At this time, all parties [do o not] consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affrmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

    B.    Motions. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgrnent, or for remand. If all parties consent, they should

file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. Required Pre-Trial Preparation

    A.    TWO WEEKS BEFORE THE FNAL PRETRIAL CONFERENCE, the parties shall:

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section 111.1.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

      6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

  B.    ONE WEEK BEFORE THE FNAL PRETRIAL CONFERENCE, the parties shall:

      1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

      2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent!s designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the obj ections and counter summaries or designations to the Court in writing. Any obj ections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

      3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

      4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX.    <u>Other Matters</u>

Defendants do not consent to service of discovery papers by email or any other electronic means. All discovery papers shall be served pursuant to Fed. R. Civ. Pro. 5(b). No discovery papers shall be filed with the Court pursuant to S.D. Ind. Local Rule 26-2, unless in connection with any of the circumstances described therein.

                                                        Respectfully submitted,

                                                        David Mullins, pro se

                                                        and

Date: March 23, 2021          By:     Theodore E. Rokita
Indiana Attorney General
Atty. No. 18857-49
Alexander R. Carlisle
Deputy Attorney General
Attomey No. 34533-49
Office of Indiana Attorney General
Indiana Government Center South, Floor
302 West Washington Street
Indianapolis, m 46204-2770
Phone: (317) 234-6667
Fax: (317) 232-7979
E-Mail: Alexander.Carlisle@atg.in.gov

## CASE MANAGEMENT PLAN ORDER

__X__       PLAINTIFF APPEARED IN PERSON AND DEFENDANTS BY COUNSEL ON MARCH 31, 2021, FOR AN INITIAL PRETRIAL CONFERENCE.

_____  APPROVED AS SUBMITTED. [DOCKET NO.   ]

__X__       APPROVED AS AMENDED.

_____  APPROVED AS AMENDED PER SEPARATE ORDER.

_____  APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____  APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____  THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____.

__X__       A STATUS CONFERENCE IS SET IN THIS CASE IN REGARD TO CASE STATUS AND SETTLEMENT FOR AUGUST 26, 2021, AT 1:30 P.M.

   __X__    BY TELEPHONE. THE INFORMATION NEEDED BY COUNSEL OF RECORD TO PARTICIPATE IN THIS TELEPHONIC CONFERENCE WILL BE PROVIDED BY SEPARATE NOTIFICATION.

__X__       LIABILITY DISCOVERY SHALL BE COMPLETED BY OCTOBER 1, 2021.

__X__       DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN DECEMBER 17, 2021.

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P 161 (f), to and including dismissal or default.

Plaintiff's motion for admissions to be deemed admitted [Filing No. 25] is denied because Plaintiff served the discovery at issue improperly and prior to a Rule 26(f) conference.

APPROVED AND SO ORDERED.

Date: 4/2/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email

DAVID M. MULLINS
1935 Tartan lane Apt. 101
Avon, IN 46123