UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID M. MULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:20-cv-02900-JPH-TAB |
| | ) |
| MIKE MILLER, | ) |
| DAVID NAUTH, | ) |
| DAVID FLEISHHAKER, | ) |
| HEATHER WHITAKER, | ) |
| HOWARD WICKERSHAM, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

In May 2019, David Mullins was terminated from his position as a meteorologist for the Indiana State Department of Health ("ISDH") Weights and Measures Division. *See* dkt. 6 at 4. He has sued five state employees—his former supervisor Mike Miller, ISDH Director David Nauth, ISDH senior technician Howard Wickersham, ISDH attorney David Fleishhaker, and Indiana State Personnel Director Heather Whitaker—alleging that he was terminated because of his disability. Dkt. 6-1 at 4. Defendants filed a motion to dismiss for failure to state a claim. Dkt. [18]. For the reasons below, that motion is **DENIED.**

# I.
# Facts and Background

Because Defendants moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

### A. The operative complaint

Mr. Mullins has filed four complaints. *See* dkt. 1; dkt. 4; dkt. 6; dkt. 16. Defendants have moved to dismiss the second amended complaint, dkt. 6, arguing that it is the operative complaint because Mr. Mullins did not have leave to file his third amended complaint, dkt. 16. Dkt. 18 at 1; *see* Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within 21 days after serving it."). Mr. Mullins did not respond to this argument. *See* dkt. 19. The Court therefore **STRIKES** the third amended complaint, dkt. 16; the second amended complaint, dkt. 6, is the operative complaint.

### B. Factual allegations and procedural history

Mr. Mullins started working for the ISDH as a meteorologist on April 22, 2019. Dkt. 6 at 4; dkt. 6-1 at 1. During his employment, "it was well known" that he was disabled—he used a handicapped parking spot and had difficulty walking. Dkt. 6-1 at 4. On May 31, 2019, Mr. Mullins's supervisor, Mr. Miller, told him that he was being terminated for an alleged disciplinary action and because Mr. Mullins's skills were not progressing at an appropriate level for his position. Dkt. 6-1 at 1. Mr. Mullins had not been informed of any performance

issues, and he had performed the same work for the federal government for over twenty years. *Id.*

Mr. Mullins filed a charge of discrimination with the Equal Employment Opportunity Commission in September 2019. Dkt. 6 at 5. He brought this suit *pro se* on November 5, 2020, alleging that Defendants terminated his employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 to 12117. *See* dkt. 1; dkt. 6.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley*, 671 F.3d at 616.

## III.
## Analysis

To state an ADA claim, Mr. Mullins must "allege facts showing that: (1) he is 'disabled'; (2) he is qualified to perform the essential function of the job either with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Gogos v. AMS Mech. Sys., Inc*, 737 F.3d 1170, 1172 (7th Cir. 2013). Defendants argue that Mr. Mullins has not pleaded facts supporting the first and third elements. *See* dkt. 18.

### A. Disability

Defendants argue that Mr. Mullins's "foot and knee issues," dkt. 6 at 4, do not establish that he is disabled under the ADA because his complaint does not explain those issues or how they affect his ability to work. Dkt. 18 at 4. Mr. Mullins responds that his foot and knee troubles cause great pain when he walks or moves. Dkt. 19 at 3.

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1). A plaintiff must "identify his disability" to give defendants fair notice of the claim, *Tate v. SCR Medical Transp.*, 809 F.3d 343, 345–46 (7th Cir. 2015). *Pro se* complaints, however, are interpreted liberally. *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018). Here, Mr. Mullins alleges that he has "foot and knee issues" that make it difficult for him to walk and to lace up

4

shoes. Dkt. 6; dkt. 6-1 at 4. He also alleges that he "parked every day in a handicap spot" and "was taking pain meds because of [his] feet." *Id.*

While a complaint containing only the word "disability" generally does not provide fair notice, *see Tate,* 809 F.3d at 346, Mr. Mullins's complaint specifies "foot and knee issues" that affect his ability to walk and to lace up shoes, and that require pain medicine and parking in a handicapped spot. Dkt. 6 at 4; dkt. 6-1 at 4. Walking is a major life activity under the ADA, *see* 42 U.S.C. § 12102(2)(A), so Mr. Mullins has alleged a disability that affects a major life activity. That is enough to state an ADA claim. *See Rowlands v. United Parcel Serv. – Fort Wayne*, 901 F.3d 792, 800–01 (7th Cir. 2018) (knee injuries that "substantially interfered with [the] ability to walk . . . . [were] sufficient to support" a claimed disability).

And while Mr. Mullins admits that he did not request accommodations, dkt. 6-1 at 4, he is not bringing an ADA failure-to-accommodate claim. *See* dkt. 6 at 4; *see Hooper v. Proctor Health Care Inc.*, 804 F.3d 846, 851–53 (7th Cir. 2015) (separately addressing ADA failure-to-accommodate and disability-discrimination claims). In his complaint, Mr. Mullins checked the box for "Termination of my employment" but not the box for "Failure to accommodate my disability." Dkt. 6 at 4. His ADA discrimination claim does not require him to request accommodations. *Gogos*, 737 F.3d at 1172 (listing elements of an

ADA discrimination claim, including being "qualified to perform the essential function of the job either with or without reasonable accommodation").[1]

## B. Causation

Defendants argue that Mr. Mullins does not clearly state that he informed Defendants that he was disabled and "acknowledges that he was not meeting his employer's legitimate expectations" in his complaint. Dkt. 18 at 4. Mr. Mullins responds that Defendants knew that he was disabled and nevertheless terminated his employment. Dkt. 19 at 2–3.

Mr. Mullins alleges that it was "well known" by his supervisor and other ISDH employees that he was disabled. Dkt. 6-1 at 4. He alleges that Mr. Miller knew that he parked in a handicap spot every day and that he was taking pain medication for his difficulty walking. *Id.* The complaint also alleges that Mr. Miller "issued a warning email about wearing and fully lacing up shoes" because he knew that Mr. Mullins's foot and knee issues prevented him from fully lacing up his shoes. *Id.* Mr. Mullins's complaint therefore alleges that Defendants had knowledge of his disability before his termination. *See Carlson v. CSX Transp. Inc.*, 758 F.3d 819, 827 (7th Cir. 2014).

Defendants also argue that Mr. Mullins's complaint acknowledges that he was not meeting his employer's legitimate expectations. Dkt. 18 at 4. But the complaint says that he was terminated "unjustly . . . for an *alleged* disciplinary action and for not *allegedly* progressing skills." Dkt. 6-1 at 1

---

[1] At this stage, Defendants do not argue Mr. Mullins was not qualified to perform his essential job functions, either with or without reasonable accommodations. *See* dkt. 18.

6

(emphases added).  It goes on to allege that Mr. Miller "never at any time informed the plaintiff of any lack of perceived skills nor was the plaintiff given any opportunity for performance improvement."  *Id.*  Mr. Mullins therefore does not admit that he failed to meet expectations.  *See id.*  Instead, he recounted and contested the reason he was given for the termination.  *Id.* (alleging that the "removal was a violation of the ADA . . . and made to appear as a result of a disciplinary action").

Finally, Defendants argue that Mr. Mullins "makes no allegations at all regarding similarly-situated, non-disabled employees being treated more favorably."  Dkt. 18.  This argument implicates the *McDonnell Douglas* framework, which allows a plaintiff to make a *prima facie* case of discrimination with certain evidentiary showings, including that a similarly situated coworker was treated more favorably.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).  But that framework is "an evidentiary standard, not a pleading requirement."  *Id.*  Plaintiffs are therefore "not required to include allegations—such as the existence of a similarly situated comparator—that would established a prima facie case of discrimination" under *McDonnell Douglas*.  *Carlson*, 758 F.3d at 827.

*   *   *

Mr. Mullins was required only to put his employer on notice of his claim.  *See Tate*, 809 F.3d at 345–346.  "Employers are familiar with discrimination claims and how to investigate them, so little information is required to put the employer on notice."  *Carlson*, 758 F.3d at 827.  Mr. Mullins's complaint meets

7

that standard here by identifying his disability and alleging that he suffered an adverse employment action because of it.

## IV.
## Conclusion

The Court **STRIKES** Mr. Mullins's third amended complaint, dkt. [16]; the **clerk shall update** the docket accordingly.  Defendants' motion to dismiss Mr. Mullins's second amended complaint, dkt. 6, is **DENIED**.  Dkt. [18].

**SO ORDERED.**

Date: 8/23/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID M. MULLINS
Box 895
Idaho Springs, CO 80452

Alexander Robert Carlisle
OFFICE OF THE ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov