# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **David M. Mullins**, <br><br> Plaintiff, <br><br> v. <br><br> **State of Indiana**, *et al.*, <br><br> Defendants. | Cause No. 1:20-cv-02900-JPH-TAB |

## **PLAINTIFF'S PROPOSED CASE-SPECIFIC INSTRUCTIONS**

As required by the Court's *Order* [Dkt. 109], Plaintiff David Mullins submits his proposed case specific instructions. These proposed instructions are in addition to those agreed-upon by the parties.

Respectfully submitted,

*/s/ Benjamin C. Ellis*
Benjamin C. Ellis
Natalie R. Dickey
Claire E. Hunter
HKM EMPLOYMENT ATTORNEYS LLP
320 N. Meridian St., Ste. 615
Indianapolis, IN 46204
P/F   |  (317) 824-9747
Email |  bellis@hkm.com
            chunter@hkm.com
            ndickey@hkm.com

**Plaintiff's Proposed Case-Specific Instruction No. 1**

To succeed in his ADA and Rehabilitation Act claims, Mr. Mullins must prove three things by a preponderance of the evidence:

1. Mr. Mullins had a disability or the State of Indiana regarded Mr. Mullins as having a disability. I will define "disability" and several other important terms for you in a few minutes;

2. Mr. Mullins was "qualified" to perform the job.

3. The State of Indiana fired Mr. Mullins because of his disability.

Authority: Seventh Circuit Pattern Civil Jury Instruction No. 4.02 Employment Discrimination: Americans With Disabilities Act: Elements of an ADA Claim – Disparate Treatment Cases (modified); *Culver v. Metro. Sch. Dist. of Martinsville*, 2022 WL 4483927, at *4 (S.D. Ind. Sept. 27, 2022) ("To succeed on his discrimination claim, Mr. Culver must "allege facts showing that '(1) he is "disabled"; (2) he is qualified to perform the essential function of the job either with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability.' ") (quoting *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013); *Rumple v. DeJoy*, 2022 WL 408205, at *3 (S.D. Ind. Feb. 9, 2022) ("To state a claim for relief under the Rehabilitation Act, a plaintiff must "show that he: (1) suffers from a substantial limitation of a major life activity (i.e., he is disabled under the terms of the statute); (2) is otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (3) has suffered an adverse employment decision because of the disability." (quoting *Scheerer v. Potter*, 443 F.3d 916, 918 (7th Cir. 2006)

**Plaintiff's Proposed Case-Specific Instruction No. 2**

The term "because of" means different things under the ADA and the Rehabilitation Act. Under the ADA, "because of" means that Mr. Mullins must prove his disability was *a* reason for the termination of his employment. Under the Rehabilitation Act, "because of" means that Mr. Mullins must prove his disability was the *sole* reason for the termination of his employment.

Authority: *Conners v. Willkie*, 984 F.3d 1255, 1260 (7th Cir. 2022)

**Plaintiff's Proposed Case-Specific Instruction No. 3**

Mr. Mullins has also brought this lawsuit against Defendants Mike Miller and David Nauth. Mr. Mullins claims they violated his constitutional right to Equal Protection by terminating his employment because of his disability. To succeed on this claim, Mr. Mullins must prove each of the elements by a preponderance of the evidence.

1. Mr. Miller or Mr. Nauth intentionally treated Mr. Mullins differently from others similarly situated;

2. Mr. Miller or Mr. Nauth's intentionally treated Mr. Mullins differently because he is disabled, or because they regarded him as being disabled;

3. The difference in treatment was not rationally related to a legitimate state interest.

In determining whether employees are similarly situated, you can consider such factors as whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications.

Authority: Seventh Circuit Pattern Civil Jury Instruction No. 6.01 (modified); *Myers v. Sunman–Dearborn Comm. Schs.*, No. 4:20-cv-49-SEB-DML, 2022 WL 911554, at *8 (S.D. Ind. Mar. 29, 2022) (elements); *David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508,* , 224–25 (7th Cir. 2017) (similarly situated analysis).

**Plaintiff's Proposed Case-Specific Instruction No. 4**

The monetary damages Mr. Mullins can recover are different for each of his claims. Under the ADA, Mr. Mullins cannot recover any monetary damages. Under the Rehabilitation Act, Mr. Mullins can recover an award of back pay. For his Equal Protection Claim, Mr. Mullins can recover compensatory and punitive damages.

Authority: *See Kittrell v. Ind. Women's Prison*, 2022 WL 18091886, at *2 (S.D. Ind. Nov. 21, 2022) (ADA Title I does not abrogate sovereign immunity) (citing *Bd. of Trs. of Univ. of Al. v. Garrett*, 531 U.S. 356, 363 (2001)); *King v. Ind. Supreme Ct.*, 2014 WL 5798583, at *6 (S.D. Ind. Nov. 7, 2014) (the 1986 amendments to the Rehabilitation Act "expressly waive[d] sovereign immunity for violations of section 504 of the Rehabilitation Act of 1973 . . . by recipients of Federal financial assistance.") (quoting Sossamon v. Texas, 131 S.Ct. 1651, 1662 (2011)) (internal quotations omitted); 29 U.S.C. § 794a (Rehabilitation Act Remedies); *Cummins v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022) (excluding emotional distress and punitive damages from Rehabilitation Act remedies); *Martin v. Marinez*, 934 F.3d 594, 598 (7th Cir. 2019) ("The 'basic purpose' of damages under § 1983 is to 'compensate persons for injuries that are caused by the deprivation of constitutional rights.'") (gathering authority); *Love v. Prestel*, 2021 WL 2209039, at *4 (S.D. Ind. May 30, 2021) (discussing punitive damages in Section 1983 cases) (citing *Alexander v. City of Milwaukee*, 474 F.3d 437, 453 (7th Cir. 2007)).

**Plaintiff's Proposed Case-Specific Instruction No. 5**

If you find that Mr. Mullins has proven his Rehabilitation Act claim by a preponderance of the evidence, you may award him as damages any lost wages and benefits he would have received from the Defendant if he had not been fired.

Authority: Seventh Circuit Pattern Civil Jury Instruction 3.11; Committee Comments a.

**Plaintiff's Proposed Case-Specific Instruction No. 6**

If you find in favor of Mr. Mullins on his Equal Protection claim, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained as a direct result of his termination.

Mr. Mullins must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. Mental and emotional pain and suffering that Mr. Mullins has experienced. No evidence of the dollar value of mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Mr. Mullins for the injury he has sustained.
2. The wages that Mr. Mullins has lost.

Authority: Seventh Circuit Pattern Civil Jury Instruction No. 7.26, Constitutional Torts: 1983: Damages: Compensatory