UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID M. MULLINS,            ) | |
|                              ) | |
|     Plaintiff,     ) | |
|                              ) | |
| v.                           ) | No. 1:20-cv-02900-JPH-TAB |
|                              ) | |
| STATE OF INDIANA,            ) | |
| MIKE MILLER,                 ) | |
| DAVID NAUTH,                 ) | |
|                              ) | |
|     Defendants.   ) | |

**ORDER**

Plaintiff, David Mullins, is seeking equitable relief, including lost wages and benefits, on his Rehabilitation Act claim. *See* dkt. 132 at 1. Those equitable remedies under the Rehabilitation Act are determined by the Court, rather than by jury. *See* 29 U.S.C. § 794a(a)(1); *Sansone v. Brennan*, 917 F.3d 975, 979, 983 (7th Cir. 2019). Mr. Mullins has therefore filed a motion for lost wages to be presented to the jury for an advisory verdict. Dkt. 132.[1] Defendants oppose the motion, arguing that an advisory jury would unnecessarily prolong the trial. Dkt. 135.

Under Federal Rule of Civil Procedure 39(c), the Court "may try any issue with an advisory jury." "The use of an advisory jury under Rule 39(c) lies within the discretion of the trial court and is not a matter of right." *Davis v.*

---

[1] Mr. Mullins argued in his motion that evidence of lost wages would be presented to the jury as compensatory damages on his § 1983 claim, dkt. 132 at 1–2, but acknowledged at the final pretrial conference sovereign immunity bars equitable remedies such as lost wages on that claim, *see* dkt. 135 at 1–2.

1

*Lakeside Motor Co.*, No. 3:10-cv-405 JD, 2014 WL 1316945 at *8 (N.D. Ind. 2014) (quoting *United States v. Ellis Research Labs., Inc.*, 300 F.2d 550, 554 (7th Cir. 1962)).  The decision "whether to utilize an advisory jury is typically guided by notions of efficiency or convenience."  *Id.*

    Here, some contested evidence carrying a risk of unfair prejudice is relevant only to lost wages.  For example, Defendants intend to introduce evidence of Mr. Mullins's employment history, including prior terminations, as relevant to lost wages, but agreed at the final pretrial conference that the evidence would be better presented to the Court only at a damages hearing so that it did not confuse the jury.  Reserving equitable relief for the Court's determination as necessary after the jury's verdict would also streamline the jury's task and simplify the required jury instructions.  *See* dkt. 129 at 5–6 (Plaintiff's proposed jury instructions); dkt. 130 at 2 (Plaintiff's proposed verdict form).

    Mr. Mullins's motion for advisory jury is therefore **DENIED**.  Dkt. [132].  Because the issue of lost wages will not be presented to the jury, Mr. Mullins's third motion in limine, seeking to exclude evidence of his prior disciplinary and termination history, is **GRANTED**.  Dkt. 133 at 3–4.  Defendants' eleventh motion in limine, seeking to exclude all references to any equitable relief, is similarly **GRANTED**.  Dkt. 128 at 6–7.  The parties **SHALL CONFER** before trial to identify any other evidence relevant solely to equitable relief that should not be presented to the jury.

If Mr. Mullins prevails on his Rehabilitation Act claim, the Court will schedule a damages hearing to determine equitable relief.

**SO ORDERED.**

Date: 11/6/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel