UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID M. MULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:20-cv-02900-JPH-TAB |
| | ) |
| MIKE MILLER, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S STATEMENT REGARDING VALIDITY OF ADA CLAIM**

The defendants, pursuant to the Court's entry directing a response to the plaintiff's Statement Regarding Validity of ADA Claim, (ECF 143), responds as follows:

1. As the Defendants noted in their trial brief on the ADA claim,[1] (ECF 111), the Eleventh Amendment bars suits against the States, regardless of the relief sought by a plaintiff. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("[W]e have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment") (citing *Cory v. White*, 457 U.S. 85, 90 (1982) ("It would be a novel proposition indeed that the Eleventh Amendment does not bar a suit to enjoin the State itself simply because no money judgment is sought")); *Wingo v. Indiana Dept. of Correction*, 2012 WL 5268512, at *1 (N.D. Ind. Oct. 22, 2012) (dismissing with prejudice a Title I ADA claim and holding that, to the extent the plaintiff sought prospective equitable relief, his claim

---

[1] The plaintiff claims that the defendants did not argue the Eleventh Amendment issue as to a claim for injunctive relief under the ADA. (ECF 143 ¶ 6). But that issue is not relevant to a jury trial because reinstatement under the ADA is an equitable remedy for the court to decide, not a jury. If this case were to proceed to the equities stage, this issue have been argued during equities briefing and hearing. At any rate, Eleventh Amendment immunity was timely pleaded as an affirmative defense, (ECF 68 at 6), so the defense has been preserved as to all claims and any relief.

against the agency did not fall within the *Ex parte Young* doctrine); *see also*, *Nasserizafar v. Indiana Dep't of Transp.*, 27 F. Supp. 3d 935, 938 (S.D. Ind. 2014) (dismissing Plaintiff's Title I ADA claim against State Agency on Eleventh Amendment immunity grounds).

2. The *Ex parte Young* exception applies only where a plaintiff files "suit[] against state officials seeking prospective equitable relief for ongoing violations of federal law." *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997) (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)); *see also Takle v. Univ. of Wisconsin Hosp. & Clinics Auth.*, 402 F.3d 768, 772 (7th Cir. 2005) ("[D]amages suits and injunctive suits against a state are treated differently. The former are barred, but the latter are permitted under the doctrine of *Ex parte Young* by the device of the plaintiff's naming as the defendants the responsible state officials rather than the state itself").

3. *Ex parte Young* does not apply here because the plaintiff did not bring his Americans with Disabilities Act claim against any individual defendant (in any capacity), so there is no state official for the court to order to do anything. This is clear from the second amended complaint, (ECF 63), where the plaintiff clearly pleads that the ADA claim is brought only against the State of Indiana through the Indiana State Department of Health ("ISDH"). (*Id*. ¶¶ 43-48). The plaintiff alleges that ISDH, and only ISDH, "terminated Mr. Mullins' employment" based on his disabilities. (*Id*. ¶¶ 45-46). The plaintiff further alleges that "Mr. Mullins was harmed by the STATE OF INDIANA's violation of SECTION 504 of the REHABILITATION ACT through the ISDH." (*Id*. ¶ 48).

4. There are no allegations against any individual defendant in the ADA section of the operative complaint. (*Id*. ¶¶ 43-48).

5. This contrasts with the equal protection allegations, which are brought against only the individual defendants. The plaintiff alleges that "Miller, Nauth, and Whitaker" violated

2

his rights "under the EQUAL PROTECTION CLAUSE of the 14TH AMENDMENT." (*Id*. ¶ 36). The plaintiff does not allege that the State of Indiana violated his equal protection rights.

     6.     If the plaintiff had brought his ADA claim against the individual defendants, he would have recited their individual names in paragraph 48 of the operative complaint, like he cited their individual names in connection with the Fourteenth Amendment claim in paragraph 36.

     7.     Further evidence that the plaintiff did not sue any individual defendant under the ADA is found in the parties' pretrial filings. First, in the parties' joint proposed case synopsis, it is stated, "Mr. Mullins claims that the State of Indiana violated the Americans with Disabilities Act…when it terminated his employment." (ECF 122 at 2). This contrasts with the following sentence: "Mr. Mullins further claims that, by terminating his employment, Mr. Miller and Mr. Nauth violated his constitutional right to Equal Protection under the 14th Amendment." (*Id*.). Again, there is a clear distinction between claims and defendants in the joint synopsis.

     8.     Second, in his proposed case-specific jury instructions, the plaintiff once again distinguishes between the State of Indiana as the only ADA defendant and the individual defendants, who are sued under the Fourteenth Amendment. The plaintiff instructs that an element of the ADA/Rehab Act claims is, "The State of Indiana fired Mr. Mullins because of his disability." (ECF 129 at 2). This contrasts with the equal protection claim instructions, where the plaintiff instructs as follows: "Mr. Mullins has also brought this lawsuit against Defendants Mike Miller and David Nauth. Mr. Mullins claims they violated his constitutional right to Equal Protection by terminating his employment…." (*Id*. at 4). The elements of the constitutional claim, according to the plaintiff, require the jury to find that the individual defendants intentionally treated him differently. (*Id*.).

9. Finally, further evidence that the plaintiff intended to sue only the State of Indiana under the ADA is from the final pretrial conference, where plaintiff's counsel confirmed that the ADA claim was brought only against the State. *See* ECF 146 at 2 ("The Court addressed Plaintiff's claims and the available damages. Plaintiff's ADA and Rehabilitation Act claims are *against only the State of Indiana*, and the § 1983 claim is against only the two individual defendants.") (emphasis added). The plaintiff's counsel only reversed course on that statement after the court asked him to dismiss the ADA claim for lack of appropriate official capacity defendant to support a reinstatement order.

10. Clearly, the plaintiff intended to sue only the State of Indiana under the ADA when he filed the operative complaint, and he intended to instruct the jury that the State of Indiana remains the only defendant under the ADA claim prior to the final pretrial conference. This is in line with the plaintiff's pleading requirements under Rule 8. "Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint." *Crites v. Bunt*, 2014 WL 2738432 (S.D. Ill.) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. Pro. 8(a)(2)). "Where a plaintiff has not included a specific defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him." *Id*. (citing *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)). The plaintiff alerted the State of Indiana that the ADA claim was brought against it, but he did not alert any individual defendant of the same. The plain and particular language of the operative complaint shows that the ADA claim was brought only against the State. The complaint was carefully drafted, after a second amendment, to identify with specificity which claims were brought against which defendants, and the plaintiff did not bring his ADA claim

against any individual defendant in any capacity. And the plaintiff's pretrial filings and his counsel's statements to the Court at the final pretrial conference only confirm this intent to sue only the State under the ADA.

11.     Contrary to the plaintiff's argument, (ECF 143 at 2), the fact that the plaintiff included a general prayer for relief at the end of this complaint that relates to all claims and all defendants does not demonstrate that he brought an ADA claim against the individual defendants. (*See* ECF 63 at 10). Prayers for relief are routinely stated in a general fashion as to all claims and defendants, but that does not mean that all claims were brought against all defendants when the more particular claim paragraphs above the prayer for relief clearly exclude certain defendants from certain claims.

12.     This is because the more specific reference to the State of Indiana as the only defendant in the ADA claim excludes the other defendants. *See Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 80 (2002) (discussing canon of statutory construction, *expressio unius est exclusio alterius*, "expressing one item of [an] associated group or series excludes another left unmentioned"). Among the group of all defendants sued in this action, the plaintiff identified only the State of Indiana as the ADA defendant. That therefore excludes the individual plaintiffs as defendants under that claim.

13.     Even if the Court were to find that the plaintiff sued the individual defendants under the ADA, that still would not allow the court to award reinstatement because the individual defendants do not have the authority to ensure that reinstatement is carried out. They simply are high enough within the agency to have that power. *See McGuire v. Kolodziej*, 2021 WL 620883 (N.D. Ind.) (citing *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("It is the warden who is a proper defendant for injunctive relief and is responsible for ensuring that any injunctive

relief is carried out") (cleaned up, internal quotation omitted)); *see also*, *Johnson v. Lowry*, 2014 WL 772663 (N.D. Ind.) (citing *Feit v. Ward*, 886 F.2d 848, 858 (7th Cir.1989) ("As a procedural matter, Johnson only seeks injunctive relief in this action. Lowry, as the complex director, is a proper defendant for purposes of a claim for injunctive relief, since he could ensure that an order pertaining to Johnson's religious practice is carried out")).

14. This analysis applies equally to the Rehabilitation Act claim. Because the Plaintiff did not sue any state officer under the Rehabilitation Act, he cannot obtain injunctive relief on that claim against the State of Indiana, who is the only defendant on the Rehabilitation Act claim. *See* ECF 46 at 2; *See also Henrietta D. v. Bloomberg*, 331 F.3d 261, 287 (2d Cir. 2003) (suit filed against the Commissioner of the New York State Department of Social Services in her official capacity).

15. In short, Plaintiff cannot obtain any relief on his ADA claim. Plaintiff's ADA claim must be dismissed.

                                      Respectfully submitted,

                                      Theodore E. Rokita
                                      Indiana Attorney General

Date:   November 6, 2023            By:   */s/ Gustavo A. Jimenez*
                                      Gustavo A. Jimenez
                                      Deputy Attorney General
                                      IN Attorney No. 35866-53
                                      Indiana Government Center South, 5th Floor
                                      302 West Washington Street
                                      Indianapolis, IN 46204-2770
                                      Phone: (317) 234-2623
                                      Fax: (317) 232-7979
                                      Email: Gustavo.Jimenez@atg.in.gov
                                      *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2023, a copy of the foregoing as filed and served on all counsel of record using the Court's CM/ECF system.

*/s/ Gustavo A. Jimenez*
Gustavo A. Jimenez
Deputy Attorney General