UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID M. MULLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02900-JPH-TAB |
| ) | |
| STATE OF INDIANA, ) | |
| MIKE MILLER, ) | |
| DAVID NAUTH, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON ADA CLAIM**

At the November 2, 2023 final pretrial conference, the Court reviewed Mr. Mullins's claims and the relief sought corresponding to each claim. Dkt. 146 at 2–3. Mr. Mullins confirmed that his Americans with Disabilities Act ("ADA") claim is brought against only the State of Indiana and that he is seeking reinstatement as relief on that claim. *Id.* Reinstatement to public employment, however, is "permitted under the doctrine of *Ex Parte Young* by the device of the plaintiff's naming as the defendants the responsible state officials rather than the state itself." *Takle v. Univ. of Wis. Hosp. & Clinics Auth.*, 402 F.3d 768, 772 (7th Cir. 2005); *see Peirick v. Ind. Univ.–Purdue Univ. Indianapolis Athletics Dept.*, 510 F.3d 681, 695 (7th Cir. 2007) ("Although Peirick requests only prospective injunctive relief, she has not brought suit against a state official."); *Sissom v. Purdue Univ.*, 207 Fed. App'x 715, 716 n.1 (7th Cir. 2006).

Mr. Mullins therefore filed a statement regarding his ADA claim arguing that he "is properly pursuing prospective injunctive relief on his ADA claim"

1

against the individual defendants. Dkt. 143. Defendants responded that filings throughout this case show that Mr. Mullins brought his ADA claim against only the State of Indiana, so no relief is available and the claim should not be presented to the jury. Dkt. 147.

Mr. Mullins's operative complaint straightforwardly raised an ADA claim against only the State of Indiana:

> **5.3. Disability discrimination in violation of the Americans With Disabilities Act (42 U.S.C. § 12112(a))**
>
> 43. Mr. Mullins suffers from osteoarthritis, diabetes-related neuropathy, and short-term memory impairment, which are disabilities.
>
> 44. Mr. Mullins was qualified to perform the duties of a meteorologist.
>
> 45. ISDH terminated Mr. Mullins' employment on May 31, 2019.
>
> 46. ISDH would not have terminated Mr. Mullins's employment if he did not have osteoarthritis, diabetes-related neuropathy, or short-term memory impairment, but everything else had been the same.
>
> 47. ISDH receives federal funding.
>
> 48. Mr. Mullins was harmed by the STATE OF INDIANA's violation of SECTION 504 of the REHABILITATION ACT through the ISDH.

Dkt. 63 at 9.[1] He therefore did not name the individual defendants for his ADA claim or put them on notice of any ADA claim against them, as Federal Rules of

---

[1] It appears that the final reference to the Rehabilitation Act was intended to refer to the Americans with Disabilities Act, but that misstatement does not affect which Defendants are named.

Civil Procedure 8 and 10 require. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims."); *Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 488 (7th Cir. 2023) ("[D]efendants are entitled to fair notice of each claim against them, as required by the Federal Rules of Civil Procedure.").

Mr. Mullins nevertheless argues that he brought his ADA claim against the individual defendants, relying on the complaint's preamble and prayer for relief. Dkt. 143. Those parts of the complaint, however, merely list claims and Defendants collectively, with no breakdown and without saying that all claims are raised against all Defendants. *See* dkt. 63 at 1, 10. They are thus insufficient to put the individual defendants on notice of any ADA claim against them. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendants' name in the caption.").

Even if that weren't the case, Mr. Mullins has waived his argument by maintaining throughout this litigation that his § 1983 claim—and not his ADA claim—is against the individual defendants. *See Anderson v. Donahoe*, 699 F.3d 989, 997–98 (7th Cir. 2012). In his response in opposition to summary judgment, he argued that "*Indiana* violated the ADA and Rehabilitation Act when it fired Mr. Mullins," dkt. 89 at 18 (emphasis added), and the Court repeated in its summary judgment order that "Mr. Mullins alleges ADA and Rehabilitation Act claims against the State of Indiana and a Fourteenth

3

Amendment equal protection claim, brought through 42 U.S.C. § 1983, against State employees Mike Miller, David Nauth, and Heather Whitaker," dkt. 92 at 5. Mr. Mullins then said in the parties' agreed case synopsis that he "claims that the State of Indiana violated the Americans with Disabilities Act . . . when it terminated his employment," and mentions the individual defendants only as to his § 1983 claim. Dkt. 122 at 2. Similarly, Mr. Mullins's proposed jury instructions on the ADA claim are limited to the State of Indiana as a defendant. Dkt. 129 at 2. Finally, Mr. Mullins's counsel agreed on the record at the final pretrial conference that the ADA claim is "brought only against the State of Indiana." *See* dkt. 146. That is "an explicit waiver, unqualified and permanent." *See Bradley v. Vill. of Univ. Park, Ill.*, 59 F.4th 887, 901 (7th Cir. 2023); *Hale v. Victor Chu*, 614 F.3d 741, 744 (7th Cir. 2010) (applying waiver because "[t]he record contains no evidence that the plaintiffs ever alerted the district court that China Online was pursuing a direct claim against the defendants, despite having ample opportunity to do so").

Mr. Mullins therefore did not bring his ADA claim against the individual defendants. In his reply, however, he raises two further arguments to bring them into his ADA claim. First, he argues that suing the State of Indiana is "the same as" suing the individual defendants. It's not. While an official-capacity suit against a state official is the same as suing the state, *Jones v. Cummings*, 998 F.3d 782, 786 (7th Cir. 2021), the reverse is not true, *see Peirick*, 510 F.3d at 695. In fact, *Ex parte Young* is based on the "reasoning that when a state official violates [federal law], that official is stripped of his

4

official or representative character." *McDonough Assocs., Inc. v. Grunloh*, 722 F.3d 1043, 1050 (7th Cir. 2013). So naming the State as a defendant to an ADA claim does not function to also include any state officials as defendants to that claim, or put them on notice that an ADA claim has been brought against them.

Second, Mr. Mullins argues that the Court may allow a "clarifying amendment" to the complaint. Amending the complaint on the eve of trial is not appropriate here. For the reasons above, this would not be a "clarifying amendment" as Mr. Mullins argues, but a substantive one that would not resolve the lack of notice to the individual defendants of the claims against them. *See Soltys v. Costello*, 520 F.3d 737, 743–44 (7th Cir. 2008); *Winters v. Fru–Con Inc.*, 498 F.3d 734, 741 (7th Cir. 2007).

Last, Mr. Mullins argues in reply that he may pursue reinstatement against the State of Indiana because it waived sovereign immunity through its litigation conduct when it did not raise the defense at summary judgment and submitted "a proposed ADA verdict form and jury instructions." Dkt. 148 at 1–3. While sovereign immunity can be waived, the test for determining waiver "is a stringent one." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 675 (1999). Indeed, sovereign immunity "may be raised at any point in a proceeding," including for the first time on appeal. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n. 8 (1984). Here, the State of Indiana raised sovereign immunity in its answer, dkt. 68 at 11, and argues that it bars Mr. Mullins ADA claim, dkt. 147. It does not waive sovereign

5

immunity to also defend this suit on the merits.  *See Bd. of Regents of Univ. of Wis. Sys. v. Phoenix Intern. Software, Inc.*, 653 F.3d 448, 458–59 (7th Cir. 2011).  Instead, waiver generally requires "a voluntary, active decision by the state to entrust a matter to federal court," such as by removing a suit to the federal forum.  *See id.* at 461–63; *cf. Sung Park v. Ind. Univ. Sch. of Philanthropy*, 692 F.3d 828, 830 (7th Cir. 2012) (finding waiver when Indiana "never once raised the issue of immunity before the district court, and even when prompted [on appeal] at argument . . . declined to argue that sovereign immunity defeats Park's case.").  That's not the case here, so there is no waiver.

Mr. Mullins therefore may not pursue his ADA claim against the individual defendants.  Because that forecloses reinstatement—the only relief he seeks on that claim—the Court will not instruct the jury regarding the ADA claim and intends to dismiss the claim without prejudice.  *See McHugh v. Ill. Dept. of Transp.*, 55 F.4th 529, 535 (7th Cir. 2022); *Ind. Protection & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 372 (7th Cir. 2010).

**SO ORDERED.**

Date: 11/9/2023

*[signature: James Patrick Hanlon]*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel