UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID M. MULLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02900-JPH-TAB |
| ) | |
| STATE OF INDIANA, ) | |
| MIKE MILLER, ) | |
| DAVID NAUTH, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON QUALIFIED IMMUNITY**

The individual defendants, Mike Miller and David Nauth, argue that they're entitled to qualified immunity on Mr. Mullins's equal protection claim "because disability is not a suspect class under the Equal Protection Clause." Dkt. 112; dkt. 155. Mr. Mullins responds that the equal protection right to be free from disability discrimination has been clearly established for more than twenty years. Dkt. 151. Defendants confirmed at the final pretrial conference that this argument raises an issue of law that does not turn on the facts of this case, so it's ripe for ruling before trial.

"[Q]ualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). This "clearly established" standard ensures "that officials can 'reasonably . . . anticipate when their conduct may give rise to liability for damages.'" *Reichle v.*

1

*Howards*, 566 U.S. 658, 664 (2012) (quoting *Anderson v. Creighton*, 483 U.S. 635, 646 (1987)).  Qualified immunity thus "balances two important interests— the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officers from harassment, distraction, and liability when they perform their duties reasonably." *Pearson,* 555 U.S. at 231.

"Disabled individuals, like any class, are protected by the Equal Protection Clause of the Fourteenth Amendment." *Stevens v. Ill. Dept. of Transp.*, 210 F.3d 732, 737–38 (7th Cir. 2000).  So "it is a violation of the Fourteenth Amendment for the State to discriminate against disabled persons in an irrational manner or for an illegitimate reason." *Id.*  The Supreme Court held the next year that "States are not required by the Fourteenth Amendment to make special accommodations for the disabled, so long as their actions toward such individuals are rational." *Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001).  While these cases show the high bar that equal protection plaintiffs face—since only irrational actions can be a violation—they clearly establish that it violates the Equal Protection Clause to discriminate based on disability without a rational purpose. *Accord Ostrowski v. Lake County*, 33 F.4th 960, 966 (7th Cir. 2022) (explaining that a disability-based equal protection challenge to pension-plan offerings "qualifies . . . for rational basis review").

While Defendants cite two district court opinions granting qualified immunity on similar claims, *Principe v. Vill. of Melrose Park*, No. 20-cv-1545, 2022 WL 488937 at *11 n.27 (N.D. Ill. Feb. 17, 2022); *Jaromin v. Town of*

*Yorktown*, No. 1:22-cv-320-JMS-MJD, 2023 WL 6622972 at *24–25 (S.D. Ind. Oct. 11, 2023), other courts have held the opposite, *e.g. Schopmeyer v. Plainfield Juvenile Corr. Facility*, IP 00-1029 C H/F, 2002 WL 31255466 at *10 (S.D. Ind. Sept. 17, 2002) (Hamilton, J.) (holding that the equal protection right to be free from irrational disability discrimination was clearly established). Regardless, Seventh Circuit and Supreme Court authority—not district court precedent—clearly establishes rights, *Boyd v. Owen*, 482 F.3d 520, 527 (7th Cir. 2007), and here *Stevens* and *Garrett* agree that discrimination based on disability without a rational purpose violates the Equal Protection Clause. That's enough to clearly establish the right at issue. *See Taylor v. Ways*, 999 F.3d 478, 490 (7th Cir. 2021).

Defendants Miller and Nauth therefore are not entitled to qualified immunity.[1]

**SO ORDERED.**

Date: 11/13/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

---

[1] The Court therefore does not address Mr. Mullins's argument that Defendants Miller and Nauth waived the qualified immunity defense. Dkt. 151 at 9.