**Final Instruction No. 1**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.  I will also give each of you a copy of these instructions to use in the jury room.

Perform these duties fairly and impartially.  Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Final Instruction No. 2**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

**Final Instruction No. 3**

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, internet or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Final Instruction No. 4**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.  At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

## Final Instruction No. 5

Give the evidence whatever weight you believe it deserves.  Use your common sense in weighing the evidence and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists.  This is called an inference.  You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is evidence that directly proves a fact and does not require an inference.  Circumstantial evidence is evidence that indirectly proves a fact through an inference.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago, and I saw it raining."  Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

You are to consider both direct and circumstantial evidence.  The law does not say that one is better than the other.  It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

**Final Instruction No. 6**

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony.  You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- The intelligence of the witness;

- The witness's ability and opportunity to see, hear, or know the things the witness testified about;

- The witness's memory;

- The witness's demeanor;

- Whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- The truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- Inconsistent or consistent statements or conduct by the witness.

**Final Instruction No. 7**

[Cut if not raised at trial]

It is proper for a lawyer to meet with any witness in preparation for trial.

**Final Instruction No. 8**

You may consider statements given by the parties or witnesses under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his or her testimony here in court, you may consider the earlier statement only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Final Instruction No. 9**

During the trial, I may have asked a witness questions or sought clarifi-
cation of an answer or question.  Do not assume that because I ask questions,
I hold any opinion on the matters I ask about, or on how the case should be
decided.

**Final Instruction No. 10**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to the trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during the trial.

**Final Instruction No. 11**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:  When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

A greater number of witnesses testifying to a fact on one side or a greater quantity of evidence introduced on one side is not necessarily evidence of a greater weight.

You should base your decision on all of the evidence, regardless of which party presented it.

**Final Instruction No. 12**

You must give separate consideration to each claim and each party in this case.  Although there is more than one defendant, it does not follow that if one is liable, any of the others is also liable.

All parties are equal before the law.  Each party, whether an individual or the State of Indiana, is entitled to the same fair consideration.

**Final Instruction No. 13**

Mr. Mullins has brought this lawsuit against the State of Indiana under the Rehabilitation Act.  Under the Rehabilitation Act, it is illegal for an employer to discriminate against a person with a disability if that person is qualified to do the essential functions of his job and the employer is aware of his limitations.

In this case, Mr. Mullins claims that the State of Indiana discriminated against him by terminating his employment because he had a disability.  The State of Indiana denies that it discriminated against Mr. Mullins.  The State of Indiana says that it terminated Mr. Mullins because of Mr. Mullins' failure to meet the expectations of his position and for performance-related issues.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law.  So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

**Final Instruction No. 14**

To succeed on his Rehabilitation Act claim, Mr. Mullins must prove three things by a preponderance of the evidence:

1. Mr. Mullins had a disability or the State of Indiana regarded him as having a disability.

2. Mr. Mullins was "qualified" to perform the job;

3. The State of Indiana terminated Mr. Mullins solely because of his disability.

I will define "disability," "qualified," and several other important terms for you in a few minutes.

If you find that Mr. Mullins has proved each of the three elements above by a preponderance of the evidence, your verdict should be for Mr. Mullins on the Rehabilitation Act claim.  If you find that Mr. Mullins has failed to prove any one of these things by a preponderance of the evidence, your verdict should be for the State of Indiana as to the Rehabilitation Act claim.

**Final Instruction No. 15**

Under the Rehabilitation Act, the term "disability" means a physical or mental impairment that "substantially limits" one or more major life activity. Major life activities are activities that are of central importance to everyday life. They are activities that an average person can do without much difficulty.  Examples include: caring for yourself, doing manual tasks (such as household chores), bathing, brushing teeth, walking, talking, seeing, hearing, breathing, learning, and working.  I will now define some of these terms in more detail. Again, I remind you to consider the specific definitions I give you, and not to use your own opinion as to what these terms mean.

(a) Definition of "Substantially Limiting"

Under the Rehabilitation Act, an impairment "substantially limits" a person's ability to work if it prevents or severely restricts him from performing essential tasks of the job, compared to the average person in the general population.

To decide if Mr. Mullins's alleged impairment substantially limits his ability to work, you should consider the nature and severity of the impairment, how long it is expected to last, and its expected long-term impact.

Only impairments with a permanent or long-term impact are disabilities under the Rehabilitation Act.  Temporary injuries and short-term impairments are not disabilities.  Even so, some disabilities are permanent, but only appear from time to time.  For example, if a person has a mental or physical disease

that usually is not a problem, but flares up from time to time, that can be a disability if it substantially limits a major life activity.

You also should consider any devices or medication used by Mr. Mullins for his impairment.  Under the Rehabilitation Act, a person is not disabled if he uses a device or medication that prevents him from being substantially limited in a major life activity.  For example, a person with high blood pressure is not disabled if, when he is medicated, his high blood pressure does not substantially limit him in a major life activity.  However, a person who uses a device or takes medication is disabled if he is still substantially limited in a major life activity despite using a device or taking medication, or if the device or medication itself substantially limits him in that activity.

(b) Definition of "Regarded As"

Under the Rehabilitation Act, a person is "regarded as" having a disability if:

1. The employer believes that the person has a physical or mental impairment that substantially limits his ability to work; or

2. The employer believes that an actual impairment substantially limits his ability to work when it does not, because of the attitude that others have about the impairment; or

3. The person does not have any impairment, but the employer treats him as having an impairment that substantially limits his ability to work.

16

**Final Instruction No. 16**

Under the Rehabilitation Act, Mr. Mullins is considered "qualified" if he had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without an accommodation.  You should only consider Mr. Mullins's abilities at the time before Mr. Mullins was terminated by the State of Indiana.

Not all job functions are "essential."  Essential functions are a job's fundamental duties.  In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees the State of Indiana has to do that kind of work, the degree of specialization the job requires, the State of Indiana's judgment about what is required, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held the position.

In addition to specific job requirements, an employer may have general requirements for all employees.  For example, the employer may expect employees to effectively communicate with coworkers, managers, and supervisors, use the appropriate safety gear for the job, or may require regular level of attendance.

**Final Instruction No. 17**

Your job with respect to Mr. Mullins's Rehabilitation Act claim does not include deciding the type or amount of relief that Mr. Mullins may receive on this claim.  The type or amount of relief on the Rehabilitation Act claim is something that I would decide later.

**Final Instruction No. 18**

Mr. Mullins has also brought this lawsuit against Defendants Mike Miller and David Nauth.  Mr. Mullins claims they violated his constitutional right to Equal Protection by terminating his employment because of his disability.  To succeed on this claim, Mr. Mullins must prove each of the elements by a preponderance of the evidence:

1. Mr. Miller or Mr. Nauth intentionally treated Mr. Mullins differently from others similarly situated;

2. Mr. Miller or Mr. Nauth intentionally treated Mr. Mullins differently because he is disabled, or because they regarded him as being disabled;

3. The difference in treatment was not rationally related to a legitimate state interest.

If you find that Mr. Mullins has proved each of these things by a preponderance of the evidence, you should turn to the issue of Mr. Mullins' damages. If you find that Mr. Mullins has failed to prove any of these things by a preponderance of the evidence, your verdict should be for Mr. Miller and Mr. Nauth.

19

**Final Instruction No. 19**

On the Equal Protection claim, Mr. Mullins must prove by a preponder-ance of the evidence that Mr. Miller and Mr. Nauth were personally involved in the decision to terminate his employment.  You may not hold Mr. Miller or Mr. Nauth liable for what others did or did not do.

**Final Instruction No. 20**

In determining whether employees are similarly situated, you can consider such factors as whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications.

21

**Final Instruction No. 21**

If you find in favor of Mr. Mullins on his Equal Protection claim, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained as a direct result of his termination.

Mr. Mullins must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork.

In determining whether Mr. Mullins is entitled to compensatory damages, you should consider only mental and emotional pain and suffering that Mr. Mullins has experienced.  No evidence of the dollar value of mental and emotional pain and suffering has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Mr. Mullins for the injury he has sustained.  In determining compensatory damages, you may not consider lost wages or pay.  Whether Mr. Mullins may be able to recover for lost wages or pay is a separate issue that I would decide.

**Final Instruction No. 22**

If you find for Mr. Mullins on his Equal Protection Claim, you may, but are not required to, assess punitive damages against Mr. Miller or Mr. Nauth. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Mr. Mullins must prove by a preponderance of the evidence that punitive damages should be assessed against Mr. Miller and Mr. Nauth. You may assess punitive damages only if you find that their conduct was malicious or in reckless disregard of Mr. Mullins's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Mr. Mullins. Conduct is in reckless disregard of Mr. Mullins's rights if, under the circumstances, Mr. Miller or Mr. Nauth simply did not care about Mr. Mullins's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Mr. Miller or Mr. Nauth's conduct;

- the impact of Mr. Miller and Mr. Nauth's conduct on Mr. Mullins;

- the relationship between Mr. Mullins and Mr. Miller and Mr. Nauth;

- the likelihood that Mr. Miller or Mr. Nauth would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm Mr. Mullins suffered.

**Final Instruction No. 23**

Once you are all in the jury room, the first thing you should do is choose a foreperson.  The foreperson will preside over your deliberations and will be your representative here in court.  The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard.  You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury.  You may not communicate with others about the case or your deliberations by any means.  This includes, for example, face to face conversations; looking things up; doing research; reading, watching, or listening to reports in the news media; and any communication using any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Android, Blackberry or similar device, computer, the Internet, text messaging, chat rooms, blogs, social networking websites like Facebook, YouTube, Twitter, or LinkedIn, or any other form of communication at all.  If you hear, see, or receive any information about the case by these or any other means, you must report that to me immediately.

If you need to communicate with me while you are deliberating, send a note through the bailiff.  The note should be signed by the foreperson or by one or more members of the jury.  To have a complete record of this trial, it is important that you do not communicate with me except by a written note.  I may have to talk to the lawyers about your message, so it may take me some time to

get back to you.  You may continue your deliberations while you wait for my answer.  Often the Court cannot answer a question except by re-reading the jury instructions, so you may find an answer to any question you have in the instructions.  Please be advised that transcripts of trial testimony are not available to you.  You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted.  In other words, do not tell me that you are split [4-4], or [6-2], or whatever your vote happens to be.

**Final Instruction No. 24**

A verdict form has been prepared for you.  It reads as follows:

[Verdict form displayed and read to the jury].

Take the form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and sign the appropriate form.

Advise the bailiff in writing once you have reached a verdict.  When you come back to the courtroom, the bailiff will read the verdict aloud.

**Final Instruction No. 25**

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against a particular party, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.